**MOCKINGBIRD AMC/JEEP, INC., Appellant,**

v.

**Billy Gene HALL, Appellee.**

No. 19935.

Court of Civil Appeals of Texas, Dallas.

May 30, 1979.

Rehearing Denied June 26, 1979.

Paul H. Stanford, Canton, for appellant.

Daniel G. Fish, Dallas Legal Services Foundation, Inc., Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This appeal from a summary judgment granted in favor of plaintiff concerns whether Tex.Rev.Civ.Stat.Ann. art. 5069–7.-01(e) (Vernon 1971) and Tex.Rev.Civ.Stat. Ann. art. 5069–7.07(6) (Vernon 1971) are applicable to a discount service agreement. Article 5069–7.01(e) defines a retail installment contract, and article 5069–7.07(6) prohibits a retail installment contract from waiving any claim against the seller arising out of the sale. In 1977, plaintiff Hall purchased a used automobile from defendant AMC/Jeep, Inc., and signed an instrument entitled "Retail Installment Contract, Disclosure Statement and Security Agreement". Immediately after signing the above instrument, plaintiff signed a separate instrument denominated "G. W. Service Discount Agreement" which granted plaintiff a fifteen percent discount for two years on parts and labor for his car in exchange for plaintiff's covenant not to sue defendant under any express or implied warranty arising out of the sale of the automobile. The trial judge rendered judgment for plaintiff on the ground that the defendant's service discount agreement was part of a retail installment contract as defined in article 5069–7.01(e), and therefore, violated article 5069–7.07(6). Accordingly, under Tex.Rev.Civ.Stat.Ann. art. 5069–8.01 (Vernon 1971), judgment was rendered against defendant for twice the amount of the interest set forth in the retail installment contract. We hold, however, that the service discount agreement is not a part of a retail installment contract, but is a separate contract between the parties. Accordingly, the summary judgment is reversed and judgment here rendered for defendant.

Article 5069–7.01(e) provides that a retail installment contract "means a contract entered into in this State evidencing a retail installment transaction." A retail installment transaction is defined in article 5069–7.01(d) as: "[A]ny transaction as a result of which a retail buyer acquires a motor vehicle from a retail seller under a retail installment contract for a sum consisting of the cash price . . . and agrees with a retail seller to pay part or all of such sum in one or more deferred installments." It is undisputed that plaintiff entered into a retail installment transaction when he purchased the car from defendant. Our question here is whether the "G. W. Service Discount Agreement" is a part of the retail installment contract. If it is, then the waiver provision in the service discount agreement is clearly prohibited by article 5069–7.07(6) which provides that no retail installment contract shall provide that the buyer agrees not to assert against the seller any claim arising out of the sale.

Defendant argues that the "G. W. Service Discount Agreement" is not a "retail installment contract or retail charge agreement" and, therefore, does not fall within the ambit of article 5069–7.07(6). This is true, defendant asserts, because the "G. W. Service Discount Agreement" is a separate agreement that gives the buyer a fifteen percent discount on parts and labor in consideration of plaintiff's agreement not to sue seller for any liability under any warranty arising from the sale. Additionally, defendant contends that it is entirely separate and apart from the retail installment credit purchase contract and is available to any purchaser of a vehicle whether the sale be for cash or an installment credit sale.

On the other hand, plaintiff argues that the trial judge correctly held that the service discount agreement was part of a retail installment contract for four reasons. First, Tex.Rev.Civ.Stat.Ann. art. 5069–7.-02(1) (Vernon 1971) permits retail installment contracts to be contained in more than one document. Second, the generally

accepted rule of contract law favors reading the documents together. Third, it would circumvent the legislative intent to refuse to read the documents together. Fourth, the Texas Consumer Credit Code should be liberally construed. We cannot agree with plaintiff but instead agree with defendant.

Although retail installment contracts may be contained in more than one document, the service discount agreement here cannot be construed as a part of a retail installment contract. In the first place, neither agreement in any way refers to or mentions the other. Secondly, there is no summary judgment evidence showing that plaintiff had to execute the G. W. Service Discount Agreement in order to obtain the retail credit installment agreement. Indeed, in plaintiff's affidavit in support of his motion for summary judgment, he avers: "At the same time that I entered into the retail installment contract, defendant issued me the G. W. Service Discount Agreement." He does not state that defendant coerced him to accept the service agreement or that the extension of credit was conditioned upon his acceptance of the service agreement. Thirdly, even plaintiff concedes that article 5069–7.07(6) would have no application if the buyer paid cash for the vehicle and then entered into the service discount agreement. Thus, even plaintiff recognizes that the service discount agreement is an agreement separate and unrelated to the retail installment contract. We hold that since the service discount agreement was a separate contract independent of the retail installment sales contract, article 5067–7.07(6) does not apply. Our holding does not circumvent the legislative intent underlying article 5069–7.07(6) because the statute does not prohibit a buyer and seller from voluntarily entering into an agreement concerning the waiver of warranties outside of a retail installment contract.

Although the Texas Consumer Credit Code should be liberally construed, it cannot be applied to transactions outside its reach. To hold as plaintiff would have us do, would be to rewrite the agreements of the parties so as to make the service discount agreement a part of the retail installment sales contract when the language of the documents do not justify such a construction, and when even the summary judgment evidence of the plaintiff shows that each agreement was a separate contract. Accordingly, this judgment is reversed and judgment here rendered that plaintiff take nothing.